William R. Tamayo, Regional Attorney
John Stanley, Supervisory Trial Attorney
Teri Healy, Senior Trial Attorney
Jamal Whitehead, Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Tel: 206.220.6912
jamal.whitehead@eeoc.gov

Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>and,<br><br>JOAQUINA RAMIEREZ,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>RIVER POINT FARMS, LLC and RPF HOLDINGS, LLC d/b/a RIVER POINT FARMS, LLC,<br><br>    Defendants. | Case No. 2:12-CV-01765-SU<br><br>[PROPOSED] **CONSENT DECREE** |

/ / /

/ / /

/ / /

[PROPOSED] CONSENT DECREE  (2:12-CV-01765-SU) – 1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
(206) 220-6883

1. **NATURE OF THE ACTION**

    1.1   Joaquina Ramirez filed discrimination charge number 551-2011-00359 against River Point Farms on December 8, 2010, with the U.S. Equal Employment Opportunity Commission (the "Commission"). Ms. Ramirez alleged that River Point subjected her to sexual harassment and a hostile work environment, and terminated her employment in retaliation for opposing the sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

    1.2   The Commission investigated Ms. Ramirez's charge and following its investigation, the Commission found reasonable cause to believe that River Point violated Title VII by sexually harassing Ms. Ramirez, and retaliated against her for engaging in protected activity. The Commission sent notice of its determination to River Point on January 12, 2012.

    1.3   The Commission filed this lawsuit against River Point and RPF Holdings (collectively, "Defendants") on Ms. Ramirez's behalf on October 1, 2012, in the United States District Court for the District of Oregon, alleging sexual harassment and retaliation.

    1.4   In their answer filed on October 29, 2012, Defendants deny the Commission's allegations.

    1.5   In the interest of resolving this matter and recognizing the disruption, expense, and uncertainty of continued litigation, the parties wish to resolve this matter by entry of this Consent Decree. This Consent Decree fully and finally resolves all claims arising out of the Commission's complaint.

[PROPOSED] CONSENT DECREE (2:12–CV-01765-SU) – 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

2. **SCOPE OF SETTLEMENT**

    2.1    This Consent Decree is the final and complete resolution of all claims raised in the Commission's complaint against Defendants. Upon entry of this Consent Decree, all claims in the entire lawsuit shall be dismissed with prejudice, subject only to enforcement of this Consent Decree.

    2.2    This Consent Decree is not an adjudication or finding on the merits of the matter. This Decree and compliance with it shall not be construed as an admission of Defendant of any liability whatsoever or as an admission by Defendant of any violations of the anyone's rights, a violation of statute, or any discrimination.

    2.3    This Consent Decree shall encompass and apply to all River Point's facilities and employees, supervisors, managers, and officers.

3. **MONETARY RELIEF**

    3.1    Defendants shall pay Ms. Ramirez $150,000.00 within 15 business days of the parties executing this Consent Decree. This payment shall include specific amounts for backpay and compensatory damages.

    3.2    Defendants shall not condition Ms. Ramirez's receipt of monetary relief on her agreement to: (a) maintain as confidential the facts and allegations underlying her charge of discrimination, the Commission's complaint, or the terms of this Consent Decree; (b) waive her statutory right to file a charge with any government agency; or (c) enter a non-disparagement or confidentiality agreement.

**3.3** Defendants shall make payment by check—one check for wage damages, less any withholdings, and another check for non-wage damages—made payable to Legal Aid Services of Oregon's Lawyer Trust Account and mailed to the following address:

> Shelley Latin
> Legal Aid Services of Oregon
> Pendleton Regional Office
> PO Box 1327
> 365 SE Third Street
> Pendleton, OR 97801

**3.4** Defendants shall mail a copy of any check made payable to Ms. Ramirez to the following address at the same time that payment is made to Ms. Ramirez as described above:

> Jamal Whitehead
> U.S. Equal Employment Opportunity Commission
> Seattle Field Office
> 909 First Avenue, Suite 400
> Seattle, WA 98104

**4. INJUNCTIVE & OTHER RELIEF**

**4.1** **General Provisions**. River Point its officers, agents, managers, assistant managers and other supervisors are enjoined from engaging in practices which constitute harassment in violation of Title VII based on an employee or applicant's sex, or that constitute retaliation in violation of Title VII for an individual engaged in protected Equal Employment Opportunity ("EEO") activity. In recognition of its obligations under the Title VII, River Point shall institute the policies and practices set forth below at all of its facilities.

[PROPOSED] CONSENT DECREE (2:12–CV-01765-SU) – 4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

4.2    **Anti-Discrimination, Harassment, and Retaliation Policies**. Within 60 days of executing the Consent Decree, River Point shall issue a separate policy or modify, to the extent necessary, its existing EEO and harassment policies:

(A)    To include definitions of discriminatory harassment, with specific reference to harassment based on sex;

(B)    To include examples to supplement the definitions of harassment based on sex;

(C)    To provide for discipline and corrective action for incidents of discriminatory harassment;

(D)    To include non-retaliation language with examples to supplement the definition of retaliation;

(E)    To provide discipline for incidents of retaliation;

(F)    To provide that complaints of harassment or retaliation shall be accepted irrespective of whether they are made verbally or in writing;

(G)    To explain that River Point shall conduct a prompt and thorough investigation after a complaint is made or received, shall adhere to its non-retaliation policy as to all individuals who so complain, and, where appropriate, shall take remedial action upon conclusion of an investigation; and

(H)    To indicate that, upon the conclusion of the investigation of a complaint, River Point shall do the following: communicate to the complaining party that (i) the investigation had been completed; (ii) where the results of the

[PROPOSED] CONSENT DECREE (2:12–CV–01765–SU) – 5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

investigation warrant remedial action, whether such action has been taken; and (iii) if additional issues or concerns arise, that the complaining party should promptly notify River Point. River Point will notify the complaining party of the nature of the remedial action taken in cases involving egregious misconduct that is substantiated by an investigation.

4.3   **Language used in policies.** River Point shall ensure that all of its EEO policies and procedures, including those specifically referenced in this Consent Decree, are written in English and Spanish, or any other language principally used in the workplace, and are available to all employees.

4.4   **Disseminating policies.** River Point shall disseminate any new or revised discrimination, harassment, and retaliation policies as described above by (a) distributing the new policies to its existing workforce; and (b) giving a copy of the policies to all new employees upon hire.

4.5   **Complaint Procedures.** River Point shall institute complaint policies and procedures designed to encourage employees to come forward with complaints about alleged or suspected violations of its discrimination, harassment, and retaliation policies. These mechanisms must include an avenue for making complaints to River Point personnel other than the complaining employee's immediate supervisor.  This policy shall state that it will protect the confidentiality of the complaining party to the extent possible and limit access to information about the investigation to those with a need to know. River Point's complaint policy must designate at least two bilingual (English and Spanish speaking) upper

[PROPOSED] CONSENT DECREE  (2:12–CV–01765–SU) – 6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
*SEATTLE FIELD OFFICE*
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
(206) 220-6883

management or Human Resources ("HR") employees as persons who may be contacted about complaints. River Point shall identify the names, responsibilities, work locations, and telephone numbers of these individuals and post this information conspicuously at all of its facilities.

(A)  *Complaint Box.* Also as part of its complaint procedure, River Point shall keep a Complaint Box in a place at all of its facilities where employees tend to gather and that is not in a manager or supervisor's office. The upper management or HR employees charged with investigating complaints shall gather the complaints from the Complaint Box on a regular basis. In all other respects, River Point shall treat complaints received in the Complaint Box(es) as if they had been made in person.

(B)  *Toll-Free Number.* River Point shall create a toll-free reporting line that people may dial to leave messages reporting harassment, discrimination, or retaliation directly to River Point. This toll-free number must be included in all the materials describing River Point's harassment and retaliation policies and be posted conspicuously at all River Point facilities. The pre-recorded greeting on the reporting line must be in both English and Spanish and briefly explain River Point's complaint policies and procedures. River Point shall maintain a database logging the calls received relating to harassment, discrimination or retaliation, including the date, time, and nature of the complaint. The "complaint log" shall be maintained throughout the duration of this Consent Decree and a copy provided to the

[PROPOSED] CONSENT DECREE (2:12-CV-01765-SU) – 7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

Commission as set forth in paragraph 4.12(B)(5) below. In all other respects, River Point shall treat complaints received in the Complaint Box as if they had been made in person.

(C) *Interviews.* River Point shall ensure that it interviews complaining employees about their complaints to allow the complaining employee to remain unknown to other employees in their work area. River Point's complaint procedure must not impose upon employees seeking to make a complaint alleging discrimination, harassment, or retaliation any requirements that are more burdensome than those imposed upon employees making complaints of comparable gravity, such as complaints about workplace safety.

(D) *Prompt Investigations.* River Point shall ensure that its policies and procedures provide that complaint handling and disciplinary procedures regarding all complaints of discrimination, harassment, or retaliation shall be investigated and addressed promptly. Specifically, River Point shall endeavor to investigate all complaints of discrimination, harassment, or retaliation within one (1) week of receipt and finish the investigation as soon thereafter as is reasonably possible under the circumstances.

4.6 **Policies Promoting Supervisor Accountability.** River Point shall implement a discipline policy designed to stop any unlawful discrimination, harassment, and retaliation; including the elements below. The policy should provide for discipline including suspension without pay, demotion, or termination of any employee,

[PROPOSED] CONSENT DECREE (2:12-CV-01765-SU) – 8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

including supervisors or managers, who engage in discrimination, harassment, or retaliation. River Point shall communicate this policy to all of its employees.

(A) *Supervisor's Monitoring Duties.* River Point shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employees' compliance with the company's EEO policies, and to report any incidents or complaints of discrimination, harassment, or retaliation of which they become aware to the River Point employees responsible for handling such complaints.

(B) *Supervisor Qualifications and Performance Standards.* In evaluating the performance of managers and supervisors, River Point will consider how supervisors and managers handle equal employment opportunity ("EEO") issues, and may link such evaluations to any supervisor or management promotion and compensation decisions (e.g., bonuses and salary).

4.7 **EEO Training.** Within 60 days of executing the Consent Decree, River Point shall provide its managers, supervisors, and employees, with no less than one (1) hour of training by a qualified trainer or training program on harassment, employment discrimination, and retaliation for engaging in protected EEO activity. Training attendance is mandatory.  *These training requirements must be completed annually for the duration of this Consent Decree.* River Point shall maintain electronic records reflecting attendance for such training.

[PROPOSED] CONSENT DECREE (2:12-CV-01765-SU) – 9

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

(A) *Investigative Training.* River Point shall provide specific training concerning techniques for investigating complaints of discrimination to all persons responsible for handling such complaints.

(B) *Interpreters.* For all training required under this Consent Decree, River Point shall provide a Spanish interpretation or Spanish-to-English interpreter so that all employees may understand their rights and responsibilities under the law. In addition, River Point shall provide for language interpretation of any training provided into any other language principally used in the workplace.

(C) *New Employee Training.* All new employees shall participate in the EEO training described in paragraph 4.7 as part of their new hire orientation.

(D) *Trainer & Training Materials.* River Point shall identify for the Commission any training programs discussed above at least 14 days before the training and shall forward the Commission information sufficient to establish the content of those programs.

4.8  **EEO Assessment.** All training discussed above in paragraph 4.7 must begin with an initial assessment conducted by the retained educators or consultants and may include a broad review of River Point's business operations to tailor the training to the company's particular circumstances. This assessment may result in policy or training recommendations beyond those required by this Consent Decree, which River Point should implement. River Point shall bear all costs associated with any assessment or training required by this Consent Decree.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON  98104-1061
(206) 220-6883

4.9    **Employee Records Expungement & Positive Employment Reference.** River Point shall remove all references, if any, to any charge or allegation of discrimination against River Point and this lawsuit from Ms. Ramirez's personnel file. River Point may not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about Ms. Ramirez. When fielding inquiries about Ms. Ramirez, River Point shall provide a neutral job reference consisting of employment dates and positions held.

4.10   **Letter of Regret.** River Point shall provide Ms. Ramirez with a letter of regret signed by the company's president within 14 days of executing this Consent Decree.

4.11   **Lazaro Rodriguez.** River Point agrees that it will not rehire Mr. Rodriquez in any capacity.

4.12   **Reporting**. River Point shall report to the Commission for a period of three (3) years, which shall run from the date on which the United States District Court for the District of Oregon enters this Consent Decree. The reports must be in writing and submitted on an annual basis during the three year reporting period, with the first of such reports being completed no later than six months after the Court enters the Consent Decree. The reports must include the following elements:

(A)    *Certifications.* As part of each annual report, River Point shall certify that it has:

(1)    Maintained written EEO policies and procedures and distributed copies of its EEO policies to all current employees, as described in

[PROPOSED] CONSENT DECREE (2:12-CV-01765-SU) – 11

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

      paragraphs 4.2-4.6, to all newly hired employees, and to all employees during the annual training described in paragraph 4.7;

  (2) Complied with the training provisions enumerated in this Consent Decree, as provided in paragraphs 4.7;

  (3) Continued to promote policies and procedures to promote EEO accountability by managers and supervisors, as required by paragraph 4.6;

  (4) Complied with all other provisions of this Consent Decree; and

  (5) Confirmation that the attendance records of the training are in River Point's possession.

(B) *Copies of Documents.* As part of each annual report, River Point shall attach copies of the following documents:

  (1) A copy of River Point's EEO policy and procedures developed and implemented in accordance with the provisions of this Consent Decree;

  (2) A list of any changes, modifications, revocations or revisions, if any, to EEO policies and procedures, concerning or affecting River Point's harassment, discrimination, and retaliation policies;

  (3) A summary of internal formal or informal discrimination or retaliation complaints, if any, filed by employees and the resolution of each such complaint, identifying the complaining party by name (if known), the alleged discriminator/harasser/retaliator by name,

[PROPOSED] CONSENT DECREE (2:12-CV-01765-SU) – 12

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

        the nature of the complaint and indicate what actions, if any, River Point took in response.

    (C)   *Statement of Noncompliance.* If applicable, River Point shall submit a statement with its annual report identifying any area(s) of noncompliance with the Consent Decree, the reason for noncompliance, and the steps that River Point shall take to comply with the terms of the Consent Decree.

**4.13**   **Posting**. River Point shall post the notice (English and Spanish versions) attached to this Consent Decree as *Exhibit A* on a centrally located bulletin board at all River Point facilities for the duration of the Consent Decree.

## 5. SUCCESSOR LIABILITY

**5.1**   Any business successor to River Point shall be held liable for the alleged discriminatory practices of its predecessor. To ensure that the obligations imposed by the Consent Decree are carried out in the event of a transfer in ownership of River Point, or a transfer of all or a portion of its assets, River Point shall provide prior written notice to any potential purchaser of defendant's business, or a purchaser of all or a portion of River Point's assets, and to any other potential successor, of the Commission's lawsuit, the allegations raised in the Commission's complaint, and the existence and contents of the settlement.

## 6. DISPUTE RESOLUTION

**6.1**   If the Commission determines that River Point has failed to comply fully with the terms of this Consent Decree, the Commission shall notify counsel of records and the Vice President of Human Resources at River Point of the alleged breach and

[PROPOSED] CONSENT DECREE (2:12–CV-01765-SU) – 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

provide it an opportunity to remedy the breach. The Commission may petition the Court for enforcement of this Consent Decree no sooner than 21 calendar days after notifying River Point of the alleged breach. The Commission may seek immediate enforcement, however, in situations where a 21-day delay in enforcing the Consent Decree may cause harm to the Commission or Ms. Ramirez.

## 7. RETENTION OF JURISDICTION

7.1   The United States District Court for the District of Oregon shall retain jurisdiction over this matter to enforce the Consent Decree.

## 8. DURATION OF CONSENT DECREE

8.1   This Consent Decree shall be in effect for three (3) years from the date the Court enters the Consent Decree. If the Commission petitions the Court for breach of this Consent Decree, and the Court finds the Court finds that River Point violated its terms, the Court may extend the duration of this Consent Decree.

## 9. PRESS RELEASE

9.1   The Commission will provide River Point with 24 hours' written notice before issuing a press release regarding the resolution of this matter.

DATED this 1st day of May, 2013.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


BY:   *William Tamayo*
      William R. Tamayo

*Attorneys for Plaintiff*

[PROPOSED] CONSENT DECREE (2:12-CV-01765-SU) – 14

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

LITTLER MENDELSON, PC

BY: *Caroline Guest*
      Amy R. Alpern
      Caroline R. Guest
      Craig L. Leis
      121 SW Morrison Street, Suite 900
      Portland, OR 97204
      Tel: 503.221.0309
      Fax: 503.242.2457
      E-mail:    aalpern@littler.com
                      cguest@littler.com
                      cleis@littler.com

      *Attorneys for Defendant*

[PROPOSED] CONSENT DECREE (2:12-CV-01765-SU) – 15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883

*Exhibit A*



## NOTICE TO EMPLOYEES

This notice is posted pursuant to the settlement of a lawsuit: *EEOC v. River Point Corporation.* 12-CV-01765-SU. The settlement is by "Consent Decree," meaning a court-ordered document that contains all settlement terms. In accordance with the Consent Decree, River Point will provide anti-discrimination training to all supervisors and management at its Oregon and Washington facilities; provide its Equal Employment policies to all employees at those sites; implement policies at these sites to ensure supervisor accountability with regard to anti-discrimination practices; and report to the EEOC all complaints of sexual harassment or retaliation it receives from River Point employees for the next three (3) years.

Federal law prohibits an employer from discriminating against any individual based on the individual's sex with respect to hiring, promotion, demotion, terms and conditions of employment, and/or termination. Federal law also prohibits an employer from allowing any employee to be harassed because of sex. It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination or harassment, cooperates with the investigation of a discrimination or harassment charge by River Point or a government agency, participates as a witness or potential witness in any investigation or legal proceeding, or otherwise exercises his or her rights under the law.

Any employee who is found to have retaliated against any other employee because such employee participated in this lawsuit will be subject to substantial discipline, up to and including immediate discharge.

Should you have any complaints of discrimination, you should contact your supervisor, any upper level management individual or Human Resources. Any River Point employee or applicant may also contact [TBD].

Employees have the right to bring complaints of discrimination, sexual harassment and/or retaliation to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, (206)220-6885 and 1-800-699-4000.

This notice shall remain prominently posted in English and Spanish and/or in the language principally used by its employees at all River Point facilities until April ____2016, the duration of the Consent Decree referred to above. This official Notice shall not be altered, defaced, covered, or obstructed by any other material.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2013, I served the foregoing document titled "[PROPOSED] CONSENT DECREE" on the following parties:

| | |
|---|---|
| Amy R. Alpren | aalpern@littler.com |
| Caroline R. Guest | cguest@littler.com |
| Craig L. Leis | cleis@littler.com |

Littler Mendelson, PC
121 SW Morrison Street, Suite 900
Portland, OR 97204
*Attorneys for Defendant*

Shelley Latin          shelley.latin@lasoregon.org
Legal Aid Services of Oregon
365 SE Third Street
P.O. Box 1327
Pendleton, OR 97801
*Attorneys for Plaintiff-Intervenor*

Julie R. Samples          jsamples@oregonlawcenter.org
Oregon Law Center
Farmworker Office
328 W. Main Street, Suite A 200
Hillsboro, OR 97123
*Attorneys for Plaintiff-Intervenor*

in the manner indicated below:

☒ By electronically filing with the Clerk of the Court using the CM/ECF System which will send notification of such filing

☐ By United States Mail, First Class

☐ By .pdf attachment via E-mail

*s/ Mary Hammock*
Mary Hammock
EEOC Legal Technician

CERTIFICATE OF SERVICE (2:12-CV-01765-SU)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SEATTLE FIELD OFFICE
909 FIRST AVENUE, SUITE 400
SEATTLE, WASHINGTON 98104-1061
(206) 220-6883